United States District Court
Southern District of Texas
**ENTERED**
June 02, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TYRESE DIONTE SEARS, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:21-CV-02213 |
| § | |
| THE STATE OF TEXAS, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Texas state inmate Tyrese Diante Sears filed a petition for a writ of habeas corpus challenging a detainer placed on him by Tarrant County. For the following reasons, the petition is denied and is dismissed without prejudice.

### I. Background

Sears pleaded guilty to manufacture or delivery of more than four grams of cocaine in Ector County, Texas. In June 2018, pursuant to the terms of his plea agreement, the trial court deferred adjudication and placed Sears on five years of community supervision.

In May 2019, Sears received permission from the trial court to relocate to Tarrant County where he was arrested in August 2019 for injury to a child and assault causing bodily injury. The prosecution sought to revoke Sears's community supervision based on these charges, Sears' use of alcohol, and his failure to report his arrest within 48 hours. The trial court found that the allegation that Sears caused injury to a child was not true, but that the other allegations were true. The court revoked Sears' community supervision, found him guilty, and sentenced him to 45 years imprisonment. The judgment was affirmed on appeal, and Sears did not seek discretionary review.

Sears, who is currently confined in the Byrd Unit in Huntsville, Texas, does not challenge his conviction. Instead, he challenges a detainer arising from his Tarrant County arrest. Sears contends that the detainer adversely affects his parole eligibility, and that he has been denied his right to a speedy trial.

## II.   Analysis

Before seeking habeas corpus relief under 28 U.S.C. § 2241, a petitioner must first exhaust his available state remedies. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973); *see also Dickerson v. State of Louisiana*, 816 F.2d 220, 224-25 (5th Cir. 1987). Exhaustion, in this context, requires Sears to seek mandamus in the Texas Court of Criminal Appeals. *See McGhee v. Texas*, No. H-14-1538, 2014 WL 12673708 (S.D. Tex. July 30, 2014). Sears has not done so. *See* Amended Petition (Doc. # 6), at 3. Because Sears has not exhausted his available state remedies, this Court cannot adjudicate his habeas corpus petition.

## II. **Certificate of Appealability**

Sears has not requested a certificate of appealability ("COA"), but this court may determine whether he is entitled to this relief in light of the foregoing ruling. *See Alexander v. Johnson*, 211 F.3d 895, 898(5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny a COA *sua sponte*. A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). The Supreme Court has stated that

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This court has carefully considered the petition and concludes that jurists of reason would not find it debatable that Sears has not exhausted his available state remedies. Therefore, Sears has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and he is not entitled to a certificate of appealability.

**IV.  Conclusion and Order**

For the foregoing reasons, Sears' amended petition for a writ of habeas corpus (Doc. # 6) is DENIED and is DISMISSED WITHOUT PREJUDICE. No certificate of appealability is issued.

SIGNED on June 2, 2022, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge